IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA, )<br>and HENRY D. McMASTER, )<br>in his official capacity as Attorney )<br>General for the State of South Carolina, )<br>                                                                    )<br>        Plaintiff,                               )<br>                                                                    )<br>                v.                                       )<br>                                                                    )<br>BOEHRINGER INGELHEIM ROXANE, )<br>INC., ROXANE LABORATORIES, INC. )<br>and BEN VENUE LABORATORIES, INC.,)<br>                                                                    )<br>        Defendants.                         )<br>_____)  | Civil Action No.: 3:07-cv-00665-CMC<br><br>OPINION AND ORDER |

This matter is before the court on multiple related motions including: (1) Plaintiff's motion to remand and for fees and expenses (Dkt No. 14); (2) Plaintiff's motion to expedite resolution of the motion to remand (Dkt No. 15); and Defendants' motion to stay resolution of the motion to remand (Dkt No. 20).[1] For the reasons set forth below, the motion to stay is denied. The motion to expedite was granted in part by docket text order shortening the briefing time and is further granted in part by the timing of entry of this order. To the extent not granted, the motion to expedite is moot. The motion to remand is granted except to the extent it requests fees and expenses.

**STANDARD FOR MOTION TO REMAND**

As the party invoking the court's jurisdiction, Defendant bears the burden of establishing that this case was properly removed. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151

---

[1] A motion to dismiss is also pending (Dkt No. 12) but has not yet been briefed. That motion remains pending and should be brought to the attention of the state court by the parties upon remand.

1

(4th Cir. 1994); *Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992). The removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. *See Mulcahey*, 29 F.3d at 151; *McGraw v. F.D. Servs., Inc.*, 811 F. Supp. 222, 223 (D.S.C. 1993).

### DISCUSSION

The court has carefully reviewed the motions, supporting memoranda and related materials. Those materials include four decisions from four different district courts addressing motions to remand in actions very similar to the one now before this court. Those decisions uniformly granted the motions to remand, albeit on non-uniform grounds. *See Alaska v. Abbott Laboratories, et al.*, C.A. No. 3:06-cv-267-RRB (D. Alaska – Order dated January 22, 2007) (granting motion to remand because 31 U.S.C. § 3732(b) did not confer original jurisdiction); *Wisconsin v. Amgen, Inc., et. al.,* 469 F. Supp. 2d 655 (W.D. Wis. [January 16,] 2007) (granting motion to remand because removal was untimely and finding jurisdiction doubtful); *Hawaii v. Abbott Laboratories, Inc., et al.*, 469 F. Supp. 2d 842 (D. Hawaii [November 30,] 2006) (granting motion to remand because 31 U.S.C. § 3732(b) did not confer original jurisdiction and because removal was untimely); *Alabama v. Abbott Laboratories, Inc.*, 2006 WL 3170553 (M.D. Ala., [November 2,] 2006) (granting motion to remand because 31 U.S.C. § 3732(b) did not confer original jurisdiction and because removal was untimely).[2]

---

[2] The untimeliness determination in *Alabama* turned on underlying conclusions that: (1) the order unsealing a separate *qui tam* lawsuit was not an "other paper" giving rise to a new 30 day period for removal under 28 U.S.C. § 1446(b); and (2) the *qui tam* matter could not be relied on to revive the time for removal because it was not a "voluntary act" by the State of Alabama. To the extent relevant to this action, the untimeliness decisions in *Wisconson* and *Hawaii* rested on only the first of these rationales.

Motions to stay the remand decision were asserted in three of these cases: *Alaska, Wisconsin,* and *Alabama*. These motions were uniformly denied. *See Alaska,* Order at 5-6; *Wisconsin,* 469 F. Supp. 2d at 660-61; *Alabama*, 2006 WL 3170553 (denying motion to stay without discussion).

In addition, the court has reviewed the transcript of a February 1, 2007 hearing in *In re*: *Pharmaceutical Industry Average Wholesale Price Litigation,* C.A. No. 01-12257-PBS, the multidistrict litigation ("MDL") to which Defendants seek to transfer this action.[3] It is clear from the transcript that the motions to remand at issue in that hearing raise issues very similar to those now before this court. As of the date of this order, Judge Saris had not issued a decision on those motions. She did, however, indicate at multiple points in the hearing that she found the arguments in favor of removal to be non-frivolous. MDL transcript at 23 (referring to jurisdictional issue) & 24 (refering to timeliness issue. At the same time, she acknowledged that the four cases to address similar motions to remand had all granted the motions, albeit on differing grounds.[4] MDL transcript at 8 (judge noting that four or five cases had gone against defendant and defense attorney conceding that defendants were "0 for 4" on remand decisions); & 27 (judge stating that four courts had agreed that there was no original jurisdiction, though issue was not crystal clear).

**Motions to Stay and Expedite.** The court denies Defendants' motion to stay based on the rationale set forth in the *Wisconsin* and *Alaska* decisions. *Alaska,* Order at 5-6*; Wisconsin,* 469 F.

---

[3] That multidistrict litigation is pending in the District of Massachusetts and is assigned to the Honorable Patti B. Saris, United States District Judge.

[4] It also appears from the transcript of the hearing before Judge Saris that the underlying *qui tam* actions have been pending for up to ten years and are only now being unsealed on a case-by-case basis.

Supp. 2d at 660-61.[5] As noted above, this court granted the motion to expedite the remand decision in part by requiring expedited briefing. The court has also resolved the motion ahead of other pending motions. To that extent, the motion has been granted. To the extent not granted, the motion to expedite is moot.

**Motion to Remand.** The court adopts the common rationale set forth in the *Wisconsin* and *Hawaii* decisions as they relate to the timeliness of the removal. That is, the court finds that the unsealing of the *qui tam* action did not constitute an "order" or "other paper" which renewed the time for filing a notice of removal. *See Wisconsin,* 469 F. Supp. 2d. at 664-65; *Hawaii,* 469 F. Supp. 2d at 848-49. *See also Alabama* (reaching same conclusion with minimal discussion). The court also agrees that nothing in or relating to the *qui tam* actions preceding the removal of this action can be deemed a "voluntary act" by the State of South Carolina. *See Alabama*, 2006 WL 3170553. Thus, nothing in regard to those actions revived the time for removal based on any "voluntary act" of Plaintiff.

The court further agrees with the *Wisconsin* court in concluding that the intent of 31 U.S.C. § 3732 is not clear. As stated in *Wisconsin*:

> Simply put, § 3732(b) appears to be something of a hybrid; it makes jurisdiction contingent on a federal claim in a related lawsuit (which looks a lot like supplemental jurisdiction), but it provides for removal of a state lawsuit even if that suit contains no federal claims of its own (a right that resembles a grant of original jurisdiction).

*Wisconsin,* 469 F. Supp. 2d at 663.

Further, as did the *Wisconsin* court, this court finds it "doubtful" that § 3732(b) was intended to allow removal of a long-pending state court action which raises only state law claims based solely

---

[5] While the stay was also denied in *Alabama,* that decision provided no rationale.

4

on the filing or unsealing of a *qui tam* action. *Id.* Like that court, this court declines to make a definitive ruling on whether there is jurisdiction given the timeliness determination above.

**Attorney Fees and Costs.** This court also agrees with the *Wisconsin* decision and Judge Saris's comment in her February 1, 2007 hearing that the issues raised by the removal are non-frivolous. *See Wisconsin,* 469 F. Supp. 2d at 665; MDL transcript at 23, 224 & 27. Given this determination and absent other facts warranting an award, the court declines to award attorneys' fees and costs.[6]

### CONCLUSION

For the reasons set forth above, the motion to stay is denied, the motion to expedite is granted in part and mooted in part, and the motion to remand is granted. Accordingly, the Clerk of Court shall remand this case to the Richland County Court of Common Pleas.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 26, 2007

---

[6] Despite finding the arguments to be non-frivolous, the *Wisconsin* court did award fees and costs under the removal statute based on its finding that the defendant there had acted for the purpose of prolonging litigation and imposing costs on the opposing party. In support of these conclusions, the *Wisconsin* court noted that the same defendant had made two prior unsuccessful attempts at removal and was advancing "a theory of questionable merit, knowing full well that under this court's interpretation of § 1447(b), neither the *qui tam* complaint nor the order unsealing it could qualify as grounds for timely removal in th[e] case." *Wisconsin,* 469 F. Supp. 2d at 665-66. No similar facts are presented in the action now before this court.